UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 08-61404-CIV-MARRA/JOHNSON

HILDRA JONES,

    Plaintiff,

vs.

BROWARD COUNT STATE
ATTORNEY'S OFFICE, et al.,

    Defendants.
_____/

**OPINION AND ORDER**

This cause is before the Court *sua sponte*.

On May 11, 2009, the Court presided over Plaintiff's civil rights case against Broward County Deputy Sheriff Jesus Jordan arising out of criminal proceedings in Broward County. Case No. 08-60250-CIV-MARRA. Final Judgment was entered in favor of Defendant and against Plaintiff, which included a finding that there was no malicious prosecution of Plaintiff. On September 5, 2008, Plaintiff filed the instant Complaint, which raised claims of malicious prosecution against the state attorney for the prosecution arising from the same facts which were the basis of the case against Jesus Jordan.

Under 28 U.S.C. § 1915(e)(2)(B) provides as follows:

Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that--
(B) the action or appeal--
(I) is frivolous or malicious;
(ii) fails to state a claim on which relief may be granted; or
(iii) seeks monetary relief against a defendant who is immune from such relief.

The Court must examine whether this Complaint is frivolous or fails to state a claim.  The Supreme Court has established that a court should afford a pro se litigant wide leeway in pleadings.  See Haines v. Kerner, 404 U.S. 519, 520 (1972) (per curiam) (holding allegations of a pro se complaint to a less stringent standard than formal pleadings drafted by lawyers). However, this leniency does not give the court license to rewrite an otherwise deficient pleading in order to sustain an action.  GJR Investments, Inc., v. County of Escambia, 132 F.3d 1359, 1369 (11th Cir. 1998).

Simply put, Plaintiff's claim for malicious prosecution against the state attorney is untenable.  It is axiomatic that a prosecutor is immune from suit under section 1983 for acts taken during the course of his duty as a prosecutor. Imbler v. Pachtman, 424 U.S. 409 (1976); Jones v. Cannon, 174 F.3d 1271, 1281 (11th Cir.1999) (prosecutors enjoy absolute immunity from suits relating to the initiation and pursuit of criminal prosecution, alleging malicious prosecution, regarding appearances before the court, and stemming from the prosecutor's function as an advocate).  Thus, Plaintiff has failed to state a claim upon which relief can be granted.

Furthermore, Plaintiff's claim is barred under the doctrine of defensive collateral estoppel.  "Collateral estoppel, like the related doctrine of res judicata, has the dual purpose of protecting litigants from the burden of relitigating an identical issue with the same party or his privy and of promoting judicial economy by preventing needless litigation." Parklane Hosiery Co., Inc. v. Shore, 439 U.S. 322, 326 (1979) citing Blonder-Tongue Laboratories, Inc. v. University of Illinois Foundation, 402 U.S. 313, 328-29 (1971).  Collateral estoppel is appropriate when "the issue in the subsequent proceeding is identical to the one involved in the

prior action, the issue was actually litigated, and the determination of the issue was necessary in the prior action." Cotton States Mutual Ins. Co. v. Anderson, 749 F.2d 663, 666 (11th Cir.1984) (1979). "Offensive collateral estoppel is used by a plaintiff seeking to foreclose the defendant from relitigating an issue which was decided adversely to the defendant in a prior action with another party.  Defensive collateral estoppel is an attempt to prevent a plaintiff from relitigating an issue which the plaintiff has previously litigated unsuccessfully against another defendant." Charles J. Arndt, Inc. v. City of Birmingham, 748 F.2d 1486, 1494 n.9 (11th Cir. 1984) citing Parklane Hosiery Co. v. Shore, 439 U.S. at 326 n. 4.

Based on the prior proceeding which resulted in a jury finding against Plaintiff, the Court concludes that all the elements of defensive collateral estoppel have been met.  Plaintiff litigated his claim for malicious prosecution arising out of his January 2005 arrest in the jury trial in Case No. 08-60250-CIV-MARRA.  As such, the claim brought in the instant case is barred under the doctrine of collateral estoppel and fails to state a claim upon which relief can be granted.

Accordingly, is hereby **ORDERED AND ADJUDGED** that Plaintiff's Complaint is **DISMISSED** pursuant to 28 U.S.C. § 1915(e)(2)(B).  The Clerk shall **CLOSE** this case and all pending motions are **DENIED** as moot.

**DONE AND ORDERED** in Chambers at West Palm Beach, Palm Beach County, Florida, this 21st day of May, 2009.

_____
KENNETH A.  MARRA
United States District Judge